UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ALFREDO PETRONIO BACA-QUANT, ) ) ) Petitioner, ) ) v. ) ) SCOTT HASSELL, Warden, ) ) Respondent. ) | Case No. 4:15-cv-00262-MHH-SGC |

## MEMORANDUM OPINION

Alfredo Petronio Baca-Quant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention pending removal under the Immigration and Nationality Act. (Doc. 1). On April 21, 2017, the respondent filed a motion to dismiss the petition as moot. (Doc. 20). In the motion, the respondent explains that Mr. Baca-Quant was removed from the United States on April 19, 2017. (Doc. 20, p. 2; *see* Doc. 20-1). Thus, the Court finds that the petition for writ of habeas corpus is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003).

There are two exceptions to the mootness doctrine: (1) collateral consequences and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Neither exception applies here. The collateral consequences exception does not

apply because there are no "disabilities or burdens which may flow" from the custody that Mr. Baca-Quant challenges. *See Carafas*, 391 U.S. at 237. The exception for events "capable of repetition, yet evading review" does not apply here either. Mr. Baca-Quant has been released from custody, and the potential circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.). Because there is no longer any relief that the Court can grant to Mr. Baca-Quant, his petition is moot.

Accordingly, the Court grants the respondent's motion to dismiss.

The Court will enter a separate final order.

**DONE** and **ORDERED** this April 28, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE